37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jay VAN RUSSELL, Plaintiff/Appellant,
v.
UNITED STATES of America, Defendant/Appellee.
 No. 92-2781.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 6, 1994.*
Decided Oct. 18, 1994.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Jay Van Russell appeals the district court's order dismissing his claims as time-barred. We affirm.
 
 
 2
 On September 14, 1975, while incarcerated in the United States Penitentiary at Terre Haute, Indiana, Jay Van Russell was assaulted by two fellow inmates. He was taken to Marion County General Hospital and treated for a depressed skull fracture. Since the assault, Van Russell has had a history of neurological problems.
 
 
 3
 On November 14, 1991, Van Russell filed an administrative tort claim with the Federal Bureau of Prisons. This claim was denied as being time-barred. On May 26, 1992, Van Russell filed suit in federal district court, claiming that prison officials had unreasonably failed to protect him from the other inmates. Van Russell seeks compensation under both the Federal Tort Claims Act ("FTCA") and the Constitution. Complaint at p 1. The district court construed the complaint as a Bivens action, Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and found the claims to be time-barred. Van Russell appeals. Abandoning his Bivens claim on appeal, Van Russell argues that the statute of limitations for his claim under the FTCA should be equitably tolled because of mental incapacity resulting from the attack. We disagree.
 
 
 4
 A tort claim against the United States is barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues. 28 U.S.C. Sec. 2401(b). Although an equitable tolling doctrine exists, federal courts have typically extended this relief only sparingly. Irwin v. Veterans Admin., 111 S.Ct. 453, 457 (1990). "The cases permitting such tolling ... have dealt with mental incapacity rendering plaintiffs incapable of 'discovering' or understanding the causes of their injuries." Barnhart v. United States, 884 F.2d 295, 299 (7th Cir.1989), cert. denied, 110 S.Ct. 2561 (1990). In Barnhart, the plaintiff suffered an organic brain disease and severe tardive dyskinesia that left him completely disabled. However, the statute of limitations was not tolled because he had sufficiently discovered the cause of his injury. Id.
 
 
 5
 In this case, there is evidence that by at least 1982 Van Russell had reported to doctors that he suffered from seizures that were a result of his injury in 1975. Record at 36 (exhibit J). In subsequent interviews with doctors and medical personnel, Van Russell refers consistently to the 1975 attack as the source of his mental condition. Under Barnhart, tolling occurs if a plaintiff is mentally incapable of discovering the cause of his injury. Here, Van Russell was aware of his condition and its alleged cause: the 1975 attack at Terre Haute federal prison. Thus, the lawsuit is barred by the two year statute of limitations.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record